517 So.2d 1161 (1987)
Virgil SWAN and Carolyn Swan, Plaintiffs-Appellants,
v.
VERNON MILLING COMPANY, et al, Defendants-Appellees.
No. 86-1217.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Rehearing Denied January 26, 1988.
Writ Denied March 25, 1988.
*1162 Voorhies & Labbe, William M. Bass, Lafayette, for plaintiffs-appellants.
Allen, Gooch, Bourgeois, Breaux & Robison, P.C., Raymond Jackson III, Lafayette, for defendants-appellees.
Before FORET, YELVERTON, and KNOLL, JJ.
YELVERTON, Judge.
The plaintiffs, Virgil and Carolyn Swan, sued Vernon Milling Company, William Pennington, and Scottish & York International Insurance Group, claiming damages arising out of a vehicular accident that happened on March 30, 1982. The defendants stipulated to their fault in causing the accident leaving only the issue of damages. From a judgment in favor of Carolyn Swan for $144,800 and in favor of Virgil Swan for $5,000, the plaintiffs have appealed. All that is before us is whether the awards should be increased.

FACTS
The incident causing the suit was bizarre. Plaintiffs were driving their Cadillac south on Highway 167 in Lafayette, Louisiana. An eighteen wheeler, driven by an apparently enraged driver, William Pennington, and owned by Vernon Milling Company, rear-ended the plaintiffs' vehicle several times and proceeded to push the car down the highway for a number of blocks. Mrs. Swan now suffers from a post-traumatic stress disorder and severe depression. Her husband had a minor whiplash and also claimed loss of consortium. The issue before the trial judge was the extent of injuries caused by the March accident suffered by both parties. The trial judge found that many other factors contributed to and caused the lingering depression of Carolyn Swan. For this reason the award to Mrs. Swan was limited to $144,800. The appeal raises two precise issues: 1) Whether the trial court erred in finding that other events contributed to Mrs. Swan's continued psychiatric condition and 2) Whether the monetary awards are inadequate.

CONTRIBUTING EFFECT OF POST-ACCIDENT EVENTS
In the present case two psychiatrists, Dr. Jose Gutierrez and Dr. Louis Fabre, testified. Dr. Gutierrez was Mrs. Swan's treating physician and conducted intense psychotherapy with the plaintiff for the past five years. Dr. Fabre examined her once. Although the two doctors conflicted as to the diagnosis and prognosis of her condition both agreed that events subsequent to the eighteen wheeler event contributed and helped prolong Mrs. Swan's condition.
Dr. Gutierrez testified that the March 1982 accident was the "straw that broke the camel's back." Although Mrs. Swan had problems before the accident, suffering from cerebral palsy, and having undergone six surgeries, she was able to function normally and be productive at her work. After the accident, although she was able to return to work for a while, she eventually began to experience headaches, neck pain and shoulder pain. The evidence shows that the headaches and pain were probably a result of the post-traumatic depression. She also began to experience anxiety when driving an automobile. She became depressed and suffered from crying spells. Dr. Gutierrez opined that the accident is *1163 what triggered these symptoms. He diagnosed plaintiff as suffering from post-traumatic stress disorder. The phobia of driving and the depression were symptoms of the disorder.
The other physician, Dr. Fabre, did not believe that plaintiff suffered from a post-traumatic stress disorder, merely depression. He also believed her depression manifested itself prior to the March accident.
The court clearly accepted Dr. Gutierrez's analysis and diagnosis over that of Dr. Fabre and we agree with this determination.
Dr. Gutierrez and Dr. Fabre both agreed, however, that subsequent events in Mrs. Swan's life contributed to the severity of her depression. There were four such events. First, when Mrs. Swan's old boss left the company's employment, she began to experience difficulty with her new boss. She began to feel alienated at work and was under tremendous stress. Second, she was involved in two subsequent car accidents. Third, her husband lost his job and thereafter he became depressed. Fourth, the Swans, due to a complaint from their neighbors, felt obligated to put their dogs to sleep. Both psychiatrists agreed that these subsequent events contributed to plaintiff's helplessness and depression. These events had the effect of worsening her symptoms and contributing to the prolongation of the symptoms. Dr. Gutierrez, when he first examined Mrs. Swan after this accident, felt that the prognosis was good and that with treatment she would have a good chance of functioning well within a year. However, her condition worsened and after two years of psychotherapy he amended his prognosis, noting that possibly after five more years of therapy she may function normally again. The events which Dr. Gutierrez and Dr. Fabre felt worsened and prolonged the symptoms occurred during these first two years of treatment.
Appellants argue that the trial court erred in finding that these events helped cause Mrs. Swan's chronic depression. However the medical testimony was undisputed and we find no error with this determination.

DAMAGES
Plaintiffs also argue that the trial judge abused his discretion by making an insufficient award of damages to both parties. We disagree.
If a plaintiff receives an injury through the negligent act of another and the injury is subsequently aggravated by other acts, then the tortfeasor is only liable for the original injury and not the subsequent one. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So. 2d 385 (1972); Knight v. Miller, 503 So.2d 120 (La.App. 5th Cir.1987); Waggoner v. Marquette Casualty Company, 181 So.2d 475 (La.App. 2nd Cir.1965). The plaintiff has the burden of proving that the subsequent injuries were not the result of a separate, independent, and intervening act for which the defendant was in no way responsible. Knight v. Miller, supra; Waggoner v. Marquette Casualty Company, supra.
In the present case plaintiff's mental condition was aggravated by two subsequent automobile accidents, the loss of her husband's job, the replacement of her boss, and the destruction of their dogs. The defendant was not responsible for these subsequent acts and is not responsible for the prolongation of plaintiff's illness caused by these events.
The trial court awarded Mrs. Swan $80,000 for loss of income, the equivalent of approximately three and one-half times her annual salary. He awarded her $18,500 for past and future medical expenses. This covered her past medical expenses including the two years of intense psychotherapy and future expenses of approximately two more years of psychotherapy. He awarded her $45,000 for mental pain and suffering and $1,300 for vocational rehabilitation.
The trial judge had an extremely difficult task in this case of trying to measure the extent of damages caused by the eighteen wheeler accident. Dr. Gutierrez testified that there was no way to measure the effect of the subsequent events although he was satisfied that the events contributed to the worsening of her condition and symptoms. This doctor thought when he first saw the plaintiff that her prognosis *1164 was good, and he felt that she should be functioning normally within a year or two. The trial judge awarded her damages for injuries covering approximately a four year period.
The standard of review by an appellate court of an award of damages is whether the trier of fact abused its "much discretion." Reck v. Stevens, 373 So.2d 498 (La. 1979); Dahab v. Mathieu, 478 So.2d 1294 (La.App. 5th Cir.1985). Under the individual circumstances of this case, we find no abuse of that discretion.
Finally, with regard to Virgil Swan's claim, he received a whiplash injury which lasted only a few days. He missed several days of work and visited his doctor only once. There was also evidence that over a period of time the Swans' sexual relationship began to worsen, and Mrs. Swan was no longer capable of performing all of the household chores. Again, Mrs. Swan's condition was worsened by the subsequent events for which the defendants were not responsible. The trial judge weighed the evidence and the credibility of the witnesses and awarded Mr. Swan $5,000. We find no abuse of discretion.
For these reasons the judgment is affirmed at appellants' cost.
AFFIRMED.