693 So.2d 238 (1997)
G. Yvonne JENKINS
v.
Ronald LINDSEY, et al.
No. 97-C-0492.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1997.
*239 Frederick R. Campbell, Geoffrey J. Orr, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, for Relator.
Timothy G. Schafer, Schafer and Schafer, New Orleans, for Respondent.
Before BARRY, BYRNES and LANDRIEU, JJ.
BYRNES, Judge.
This suit was filed in Orleans Parish by plaintiff Yvonne Jenkins against alleged tortfeasor Ronald Lindsey and Lindsey's insurer, Allstate, relative to a motor vehicle accident which occurred on May 6, 1995 in Orleans Parish. In a first supplemental and amending petition plaintiff added USAA, her UM carrier. Subsequent to that petition, USAA brought a third party demand against relator, Wal-Mart Stores, Inc., alleging a second accident that occurred on March 4, 1996 inside a Wal-Mart store in Jefferson Parish in which plaintiff was struck by a string of shopping carts pushed by a Wal-Mart employee, aggravating plaintiff's previous injury. Wal-Mart filed an exception of no cause of action which was heard and denied in December of 1996.
Meanwhile, a second supplemental and amending petition was filed by the plaintiff and served upon Wal-Mart, which was aimed solely at Allstate for its alleged failure to negotiate a settlement. Wal-Mart was served with this petition, but was not named as a defendant. In a third supplemental and amending petition the plaintiff added Wal-Mart and Wal-Mart employee Perly Tate, for damages caused by the accident inside the Wal-Mart store on March 4, 1996.
Relators filed Exceptions of Improper Cumulation of Actions and Improper Venue to Plaintiff's Third Supplemental Petition and Exception of No Cause of Action To Plaintiff's Second Supplemental Petition[1] and Motion to Reurge Exception of No Cause of Action as to Third Party Demand. Perly Tate also filed exceptions of improper venue and improper cumulation of actions.
*240 Evidence was introduced to show that Perly Tate was a resident of Jefferson Parish, the Wal-Mart accident occurred there, and that Wal-Mart Stores, Inc. is a foreign corporation with its principal place of business in Jefferson Parish. The trial court granted the exceptions of venue.
Relator and Perly Tate argued that the cumulation of the claims arising out of the auto accident and the grocery cart accidents was improper because LSA-C.C.P. art. 463 requires that the venue be proper as to the actions cumulated and that there be a community of interest between the parties. The trial court granted the exceptions of improper cumulation of actions and dismissed plaintiff's third supplemental and amended petition without prejudice. Respondents have not sought writs from the trial court's judgment on these exceptions.
The trial court denied relator's exception of no cause of action as to USAA's third party demand and relator's exception of no cause of action as to plaintiff's second supplemental and amended petition. It is from the denial of these two exceptions of no cause of action that relator has applied to this court for supervisory writs.
After the trial court dismissed plaintiff's third supplemental and amending petition due to the improper venue and improper cumulation of actions, the only issue remaining for Wal-Mart is the exception of no cause of action relative to the third party demand filed by USAA, because Wal-Mart is not mentioned in the original, first or second supplemental petitions. USAA has filed an opposition to the writ which argues, among other things, that the writ was untimely filed. USAA correctly notes that Wal-Mart should have filed a motion for new trial or applied for supervisory writs when its exception of no cause of action to the third party demand was first denied in December of 1996. Rather, Wal-Mart re-urged that exception when it urged other exceptions. Although the writ application is thus untimely, this court may, on its own motion, grant an exception of no cause of action. La.C.C.P. art. 927(B). Therefore, consideration of relators' exception of no cause of action regarding USAA's third party claim against relators is proper because the maintaining of this exception will result in the dismissal of the relators from these Orleans Parish proceedings. Pape v. ODECO, Inc., 93-1005 (La.App. 4 Cir 9/21/94), 643 So.2d 229; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1239 (La.1993).
USAA's third party claim against the applicant, Wal-Mart Stores, Inc., alleges that Jenkins was injured on March 4, 1996 at a Wal-Mart store when an unknown employee of the store pushing thirty grocery baskets, struck Ms. Jenkins with the baskets, knocking her to the ground. The third party petition goes on to allege that the Wal-Mart employee then intentionally struck plaintiff again. Paragraph ten of USAA's third party petition contains the allegation crucial to the outcome of this writ:
Thus in the alternative, and only in the event that this Honorable Court finds that Ronald A. Lindsey was guilty of negligence which contributed proximately to the plaintiff's injuries and continued medical problems, which is denied, then Wal Mart Stores, Inc. is liable to United Services Automobile Association for the amount which said defendant third party plaintiff may be cast on the main demand on G. Yvonne Jenkins which is attributable to the exacerbation of Ms. Jenkins' injuries due to the negligence of Wal Mart Stores, Inc. and its unknown employee. [Emphasis added.]
The law is clear that where an injury occurs through the negligent act of one party and is aggravated by a separate negligent act of another party, the original negligent party is only responsible for the damages caused by his own fault. Rebstock v. Cheramie, 95-1388 (La.App. 1st Cir. 2/23/96), 673 So.2d 618; Swan v. Vernon Mill. Company, 517 So.2d 1161, (La.App. 3d Cir.1987), writ denied, 521 So.2d 1171 (La.1988); Livaccari v. United Jewish Appeal, Inc., 126 So.2d 67 (La.App. 4th Cir.1961). The plaintiff has the burden of proving that the subsequent injuries were not the result of a separate, independent, and intervening act for which the defendant was in no way responsible. Swan, at 1163.
*241 As an exception to this rule, the original tortfeasor may be held liable for additional damages from improper medical treatment. Weber v. Charity Hosp. of Louisiana at New Orleans, 475 So.2d 1047 (La.1985). Medical treatment for injuries are the direct consequence of the injuries, and the theory is that the tortfeasor should bear the responsibility for the possibility such treatment will not be performed properly. Id. The medical treatment "would not have been necessary but for the original injury caused by the negligence." Id. at 1050. The grocery cart incident does not meet this "but for" causation standard, i.e., it cannot be said that the grocery carts would not have struck Jenkins "but for" the injuries she sustained in the automobile accident. To put it in more current duty-risk language, an ease of association exists between an injury and negligent medical treatment received in response to that injury, but there is no ease of association between an injury received in an automobile accident and an injury received from a grocery cart many months later.
Another exception was noted in Younger v. Marshall Industries, Inc., 618 So.2d 866 (La. 1993), cited by the respondent. In Younger the court held that the tortfeasor may be held liable for a subsequent injury caused by the plaintiff's weakened condition. The court based its analysis on the "ease of association" between the defendant's duty not to injure the plaintiff and the risk which led to the second injury.
In Younger the issue was whether or not there was solidary liability for the purpose of interrupting prescription. In that case, the victim suffered a second injury when a shower seat collapsed in the hospital where the victim was being treated for the first injury. The court held that the tortfeasor's duty not to injure the victim includes the risk that, due to the victim's weakened physical condition, he or she might require the assistance of a medical device or appliance which might be defective.
No case has held that a tort-feasor who causes a first accident is responsible for injuries sustained in a subsequent accident, where the subsequent accident is not the reasonably foreseeable consequence of the first accident. Nor has a tort-feasor who causes a first accident ever been held liable when a subsequent accident aggravates injuries arising out of the first accident when there is no causal relationship between the two accidents. Or to put it another way, there is no liability for the second accident where the original tortfeasor has no duty to prevent the risk resulting in the subsequent accident. Whether such a duty exists is a matter of law. Robinson v. Yousuf, 95-1476, p. 5 (La.App. 4 Cir. 1/19/96); 668 So.2d 436, 440, writ denied, 96-0430 (La.3/29/96), 670 So.2d 1232. Therefore, if we accept the facts as alleged by the plaintiff and the third party plaintiff, we determine on an exception of no cause of action the legal question of whether a duty exists:
The standard of negligence analysis we employ
in determining whether to impose liability under La.C.C. art. 2315 is the duty/risk analysis, which consists of the following four prong inquiry:
I. Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
II. Did the defendant(s) owe a duty to the plaintiff?
III. Was the duty breached?
IV. Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318, 321-322.
Viewing the pleadings in the manner most favorable to the original plaintiff and the third party plaintiff as we are required to do on an exception of no cause of action, we find that the original automobile tortfeasor had no duty to prevent the grocery cart accident. Neither the original plaintiff, Jenkins, nor the third party plaintiff, USAA, have made any allegations which could support a finding that somehow the injuries sustained by the plaintiff in the first accident caused in whole or in part the second accident. Wal-Mart takes the plaintiff as it finds her and is responsible for the exacerbation of pre-existing *242 injuries, but is not liable for the preexisting injuries.
There is nothing in the well pleaded and liberally construed allegations of USAA's third party demand that would permit this Court to conclude that the injuries allegedly sustained by the plaintiff in the automobile accident caused the Wal-Mart employee to knock her down with grocery baskets the first time, and clearly did not cause the Wal-Mart employee to intentionally knock her down the second time. There is simply no ease of association between injuries sustained in an automobile accident on one day and a collision with a grocery cart ten months later. Cf. Younger, supra. The duty of a tortfeasor in an automobile collision does not include the risk that his victim may, many months later, be struck by grocery carts where the injuries sustained in the first accident bear no causal relationship to the second accident. None of the examples of liability for subsequent injury described in Younger could apply here even under the most liberal and favorable reading of the plaintiff's allegations. Whatever liability Wal-Mart may have for the second alleged incident with the grocery carts, it is in no way the same debt as any arising out of the automobile accident, or vice-versa. Wal-Mart has no liability for any damages arising out of the automobile accident, and Lindsey and his insurers have no liability for damages arising out of the grocery cart incidents. Therefore, there is no solidarity connecting the first incident with the second, no right of contribution, and nothing to give rise to USAA's third party demand against Wal-Mart.
This court refused to extend the holding in Younger, in Littleton v. Montelepre Extended Care Hospital, 94-1661 (La.App. 4th Cir. 6/7/95) 657 So.2d 572, writ denied, 95-1727 (La.10/13/95), 661 So.2d 499. In that case, neglect by the first nursing home, in Orleans Parish, was alleged to have caused the patient to develop a decubitus ulcer. Neglect by the second nursing home, in St. Tammany Parish, a few months later, was alleged to have aggravated the ulcer and caused additional injuries. This court held that where the plaintiff was injured by one tortfeasor and those injuries were aggravated by another tortfeasor in another place at another time, it does not necessarily follow that the tortfeasors are solidarily liable, even though there is some relationship with respect to the injuries.
More particularly, in Montelepre this court found that the two nursing homes were not solidarily liable for the worsening of the ulcer where the second nursing home did not undertake to provide the patient with specific treatment of any injuries caused by the first, but was to provide general nursing care, and the aggravation of the ulcer was not the result of the weakened condition caused by the first nursing home. The Montelepre court thus found no basis for venue in New Orleans for the second nursing home or for joinder of the second nursing home as a party defendant in the suit in New Orleans against the first nursing home where there was no solidarity of liability. Because the second nursing home was not specifically treating the patient for the injury caused by the first, the court found no "ease of association" as defined by the court in Younger, between the first injury and the second.
Likewise, there is no such "ease of association" in this case. There is no allegation that plaintiff's injury at Wal-Mart occurred as a result of the plaintiff's improper medical treatment or weakened condition, though the injury may have been more serious due to the plaintiff's prior accident. Because USAA is not solidarily liable for the exacerbation of plaintiff's injuries due to the accident at Wal-Mart, there is no contribution due from Wal-Mart to USAA.
In the event plaintiff seeks to recover damages from USAA for injuries attributable to the later incident at Wal-Mart, the proper procedure is for USAA to assert that as a defense. USAA does not have a third party claim against Wal-Mart because there is no causal relationship as a matter of law between the original automobile accident and the subsequent accident with the shopping carts. Olsen Engineering Corp. v. Hudson Engineering Corp., 289 So.2d 346, 350 (La. App. 1 Cir.1973), writ denied, 293 So.2d 170 (La.1974).
*243 Of course, USAA may use evidence of the subsequent accident to mitigate its damages. USAA may argue to the trier-of-fact that most or all of plaintiff's medical expenses and pain which occurred after the Wal-Mart accident were due to the Wal-Mart accident. However, because USAA is not responsible for the damages caused by the Wal-Mart accident, and Wal-Mart is not responsible for the damages caused by the first accident, there is no cause of action for which Wal-Mart is legally liable to contribute to USAA.
USAA further cited St. Pe v. Neal, 534 So.2d 993 (La.App. 4th Cir.1988), but St. Pe does not involve a third party demand. In St. Pe this Court allowed the plaintiff to consolidate two lawsuits based on separate accidents where the injuries overlapped. Additionally, in St. Pe there is no mention of a venue problem such as exists in the instant case. In the instant case the trial court has already ruled that the consolidation and venue were improper as to relators and respondents have sought no relief from this Court in connection with the granting of those exceptions by the trial court. Consequently, the suits may not be consolidated before a single judge. Therefore, only the damages due from the original accident are before the court in Orleans Parish. There is thus no cause of action to support the third party demand for contribution from Wal-Mart to USAA for the exacerbation of damages caused by the second accident. St. Pe is irrelevant to the matter before us.
For the foregoing reasons we grant the application and reverse that portion of the judgment relating to relator's exceptions of no cause of action. We grant relator's exceptions of no cause of action and dismiss plaintiff's Orleans Parish proceedings against relator without prejudice. We also dismiss USAA's third party demand against relator with prejudice.
WRIT GRANTED; JUDGMENT REVERSED IN PART, RENDERED, AND REMANDED.
NOTES
[1] Nothing herein should be construed as an indication by this Court that we feel that it is procedurally proper to assert exceptions of no cause of actions against a plaintiff's various petitions and amendments separately. Although the relators styled their exception of no cause of action as being directed against the plaintiff's second supplemental and amended petition, we treated it as an exception directed against plaintiff's pleadings as a whole. The exception might more properly have simply been entitled, "Exception of No Cause of Action."