hPLOTKIN, Judge.
We grant certiorari in this supervisory writ application to consider the unresolved issue of whether two defendants, both alleged to be responsible for the plaintiffs’ cumulative personal injury and property damages caused by the defendants’ succes *362 sive operation of an oilfield waste treatment facility, are solidarity or jointly liable for the plaintiffs’ indivisible injuries.
Plaintiffs, residents of the Silverwood community in Jefferson Davis Parish, Louisiana, claim to have sustained injuries as a result of the defendants’ successive operation of an oilfield waste treatment plant in Mermentau, Louisiana. The two defendants, Campbell Wells Corp. (CWC) and Sanifill GP Holding Co. (Sanifill) are allegedly successive owners of the offending facility. CWC is a domestic corporation with its registered office in Orleans Parish at the time the suit was filed, although the office was transferred very shortly thereafter. However, Sanifill is a Delaware corporation licensed to do business in the State of Louisiana, with its principal business establishment in Lafayette, La. Sa-nifill filed an exception to venue and an exception of improper cumulation.
laAlthough Sanifill filed both an exception to venue and an exception of improper cumu-lation, the exception of improper cumulation is based exclusively on Sanifill’s argument that venue is improper in Orleans Parish. La. C.C.P. art. 463(2), relative to cumulation of actions, requires that venue be proper as to both actions for a proper cumulation. Thus, the only real issue is whether venue is proper in Orleans Parish as to Sanifill under any theory.
The plaintiffs make two arguments on the venue issue. First, they claim that venue is proper as to CWC in Orleans Parish and that CWC and Sanifill are joint or solidary obli-gors, making venue proper under the provisions of La. C.C.P. art. 73. Second, they claim that venue is proper under the Louisiana Long-Arm Statute because one of the plaintiffs is now domiciled in Orleans Parish.
First, the plaintiffs claim that Sanifill is solidarity or jointly liable with CWC. La. C.C.P. art. 73, relative to venue in actions against joint or solidary obligors, provides as follows:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff’s domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
Because CWC’s registered office was in Orleans Parish at the time suit was filed, venue as to CWC is correct in Orleans Parish. Therefore, if CWC and Sanifill are either joint or solidary obligors, venue is also correct as to Sanifill in Orleans Parish under the provisions of La. C.C.P. art. 73.
A plaintiff who is defending against an exception of venue by invoking the provisions of La. C.C.P. art. 73 must allege sufficient facts to prove that thejjvenue chosen is the proper venue for at least one of the joint or solidary obligors. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). Generally, alleging that some of the defendants are domiciled in the parish where the suit is filed and requesting judgment against the defendants in solido is sufficient. Akins v. Parish of Jefferson, 529 So.2d 27 (La.App. 5th Cir.), modified on other grounds, 533 So.2d 970 (La.1988). The plaintiff is also required to allege facts showing that the various defendants are in fact jointly or solidarity obligated. Paul v. Wilcox, 228 So.2d 487 (La.App. 1st Cir.1969). Accordingly, this court must determine whether the plaintiffs’ petition in the instant case contains sufficient allegations to support a judgment against the two defendants as joint or solidary obligors, if proven.
The three possible types of obligations are defined by the Louisiana Civil Code as follows:
When each of different obligors owes a separate performance to one obligee, the obligation is several for the obligors. La. C.C.P. art. 1787.
When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors. La. C.C.P. art. 1788.
An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by *363 one of the solidary obligors relieves the others of liability toward the obligee. La. C.C.P. art. 1794.
Sanifill claims that the factual allegations of the plaintiffs’ petition in the instant case, even if proven, are insufficient to support a judgment against CWC and Sanifill as joint or solidary obligors. In support of that argument, Sanifill cites eases involving aggravation of injuries caused by subsequent accidents, in |4which Louisiana courts found that an initial tortfeasor was not liable for damages caused in a subsequent, unrelated accident. See Littleton v. Montelepre Extended Care Hospital, 94-1661 (La.App. 4th Cir. 6/7/95), 657 So.2d 572, writ denied, 95-1727 (La.10/13/95), 661 So.2d 499 (first nursing home providing care to plaintiff was not liable for aggravation of prior injuries and infliction of new injuries by a second nursing home); Jenkins v. Lindsey, 97-0492 (La.App. 4th Cir. 4/16/97), 693 So.2d 238 (alleged tortfeasor in first automobile accident was not liable for injuries received in subsequent accident). Sanifill fails to even address whether it might be jointly liable with CWC.
We find the eases cited by Sanifill in support of its exception of venue distinguishable from the case at hand. In both the Littleton and Jenkins cases, the injuries sustained by the plaintiffs in the first accident and the subsequent accident were distinct, despite the fact the plaintiffs claimed aggravation of the original injury in the second accident. The cases cited by Sanifill stand only for the proposition that a tortfeasor’s duty to refrain from causing injury to another through his negligent conduct does not encompass the risk that a different tortfeasor, in an unrelated accident will cause greater damage to the plaintiff.
In contrast to the Littleton and Jenkins cases, the allegations in the instant case describe successive negligence, as opposed to subsequent negligence. Unlike the eases cited by Sanifill, the instant case does not involve two distinct accidents, but instead involves factual allegations that the plaintiffs’ injuries resulted from the cumulative effect of years of operation of the same waste treatment plant, albeit under the successive ownership of two different companies.
Specifically, the plaintiffs allege that the obligations owed by CWC and Sanifill are solidary because “the damages caused during SanifiU’s operation of the Campbell Wells facility are easily associated with the wrongful acts of Campbell |BWeIls.” See Weber v. Charity Hospital, 475 So.2d 1047 (La.1985); Younger v. Marshall Industries, Inc., 618 So.2d 866 (La.1993). Moreover, they argue that CWC and Sanifill are solidarity liable under La. C.C. art. 2424 because they conspired to commit intentional or willful acts. The plaintiffs also claim that the obligation of CWC and Sanifill is joint in this case because “the harm suffered by Plaintiffs is indivisible because it occurred through successive toxic releases which, over time, cumulatively caused damage to person and property.”
The jurisprudence on this issue is not especially instructive in determining the nature of the obligations of CWC and Sanifill in this case. Most of the solidary obligation cases deal with insureds and insurers, sureties and guarantors, joint contracts, contribution, and settlement and release. The cases dealing with joint obligees are focused on leases, promissory notes, sureties, and stockholder liability. Almost all the cases discussing several obligations are based purely on contractual interpretation. The relator failed to cite and we failed to locate any cases dealing with alleged successive tortfeasors which were similar to the instant ease.
Nevertheless, under the above standards for deciding an exception to venue in a case involving alleged joint or solidary obligors, we find that the plaintiffs in the instant case properly alleged joint or solidary liability between CWC and Sanifill. The injuries complained of allegedly resulted from the cumulative effect of the defendants’ successive operation of the exact same waste treatment plant. Although the allegations concerning Sanifill, which is the successor owner, necessarily include some claims of aggravation of injury suffered while the plant was operated by CWC, the fact that one defendant’s acts aggravated the other defendant’s acts is not fatal to the plaintiffs’ allegations of solidarity between the two defendants.
*364 |6The plaintiffs here allege that their damages are indivisible — i.e. that each of the two defendants was a cause of their entire injury. These allegations trigger legal rules which may be resolved only after a trial court has heard the evidence and made factual determinations about the plaintiffs’ injuries and about the causal relationship between each defendant’s conduct and those injures. Under the facts alleged herein, if proven, the defendants could be joint or solidary obli-gors.
Because we have found that the plaintiff properly alleged joint or solidary liability between CWC and Sanifill, it is unnecessary for us to consider the plaintiffs’ other arguments on this issue. However, we note that the plaintiffs’ claim that venue is proper in Orleans Parish under the Louisiana Long-Arm Statute has no merit for two reasons: (1) the petition alleges only that the plaintiff resides in Orleans Parish, not that she is domiciled here, as required by LSA-R.S. 18:3202 to provide venue against a “nonresident” in a Louisiana parish, and (2) Sani-fill is not a “non-resident” under the definition of that term as used in the Long-Arm Statute, which specifically excludes foreign corporations duly registered with the Secretary of State to do business in Louisiana. Thus, venue against Sanifill in Orleans Parish cannot be based on the Long-Arm Statute.
Nevertheless, under the circumstances of this case, we find no manifest error in the trial court judgment denying the exception of improper venue and the exception of improper cumulation because the plaintiffs’ have properly alleged joint or solidary liability between CWC and Sanifill.

WRIT GRANTED; JUDGMENT AFFIRMED.