# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

* * * * * * *

## 2022 CU 0541

## TRACI SAUCE

## VERSUS

## JAKE BURKE

JUDGMENT RENDERED: **NOV 0 7 2022**

*JEW*
*CHH*

* * * * * * *

Appealed from
The Sixteenth Judicial District Court
Parish of St. Mary • State of Louisiana
Docket Number 129,933 • Division F

The Honorable Anthony J. Saleme, Jr., Presiding Judge

* * * * * * *

| | |
|---|---|
| Charles Edward Bourg, II<br>Morgan City, Louisiana<br>*and*<br>Wesley J. Galjour<br>Lafayette, Louisiana | COUNSEL FOR APPELLANT<br>PLAINTIFF—Traci Sauce |
| Nicole Dufrene Streva<br>Morgan City, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Jake Burke |

* * * * * * *

BEFORE: WELCH, THERIOT, PENZATO, LANIER, AND HESTER, JJ.

*m RT by JEW*
*Theriot, J. concurs in part dissents in part "I would have exercised supervisory jurisdiction over the remaining issues"*
*a HP by JEW Penzato, J. concurs in part and dissents in part and assigns reasons*
*WEL by JEW Lanier, J. concurs without reasons*

**WELCH, J.**

In this contentious divorce and child custody proceeding, the mother, Traci Sauce, appeals a judgment, which, among other things, denied her petition to nullify all prior judgments rendered in this matter and continued a temporary award of sole custody of the child to the father, Jake Burke. As to the petition seeking nullification of all prior judgments, we sustain a peremptory exception raising the objection of no cause of action noticed by this Court on our own motion and render judgment dismissing Ms. Sauce's petition. Additionally, we dismiss the remainder of Ms. Sauce's appeal for lack of jurisdiction.

## BACKGROUND

Ms. Sauce and Mr. Burke were married on August 13, 2016, and during their marriage, they had one child, K.K.B., who was born on June 18, 2018. Prior to their marriage, during their marriage, and during the pendency of the divorce and custody proceedings, Traci Sauce filed petitions for protection from abuse pursuant to the provisions of La. R.S. 46:2131, *et seq.* and La. R.S. 46:2151, *et seq.*; however, all three of those petitions were dismissed. During the marriage, Mr. Burke also filed a petition for protection from abuse pursuant to the provisions of La. R.S. 46:2131, *et seq.*, which was also dismissed. In addition, Mr. Burke filed a petition for protection from stalking pursuant to the provisions of La. R.S. 46:2171, *et seq.*, which was granted for a specific time period, extended several times, and is currently in effect.

On November 12, 2019, prior to the commencement of divorce proceedings, Mr. Burke sought and obtained an *ex-parte* order of temporary sole custody of the child under the provisions of La. C.C.P. art. 3945, which was based on allegations regarding Ms. Sauce's declining mental health condition and his concerns for the welfare of the child. Ms. Sauce responded by filing a petition for divorce, custody, and support. Therein, she sought, among other things, to obtain custody of the child under the provisions of the Post-Separation Family Violence Relief Act

2

("PSFVRA"), La. R.S. 9:361, *et seq.*, claiming therein that Mr. Burke had a history of abuse and domestic violence and that she should be awarded custody of the child.

Notwithstanding the allegations that each party made against the other, the parties voluntarily entered into a consent judgment, which was signed by the trial court on February 5, 2020. The consent judgment provided, among other things, that the parties would have joint custody of the minor child and that they would share physical custody of the child on an equal or 50/50 basis.

Shortly after the parties entered into the February 5, 2020 consent judgment, the parties filed rules for contempt against each other, alleging various violations of the February 5, 2020 consent judgment by the other. Each party also sought modifications of the custody provisions set forth in the February 5, 2020 consent judgment. In addition, Mr. Burke requested that a mental health evaluation of Ms. Sauce be performed.

A judgment of divorce was signed by the trial court on October 14, 2020. On that same date, the parties entered into another consent judgment, which the trial court signed on October 27, 2020, providing, among other things, that the parties would be awarded joint custody of the child, that Mr. Burke would be designated as the child's domiciliary parent, and that the parties would share physical custody of the child on an equal or 50/50 basis.[1]

Two months later, Ms. Sauce filed a rule for contempt and a request for a change in the domiciliary parent. Mr. Burke initially responded with his own rule for contempt. Pursuant to the provisions of La. R.S. 46:236.5(C), the parties' competing rules for contempt and Ms. Sauce's request for a modification of custody were set for a conference on July 8, 2021 with a hearing officer appointed by the trial court. Thereafter, the hearing officer made recommendations for a proposed judgment. Ms.

---

[1] For reasons not clear in the record before us, the trial court also signed a consent judgment on October 30, 2020, which was identical to the October 27, 2020 consent judgment. For clarity and consistency, we will refer only to the October 27, 2020 judgment.

Sauce objected to the hearing officer's recommendations; however, the record does not reveal whether any further proceedings were had with regard to those pleadings and/or whether a judgment was ultimately rendered.

At the beginning of September 2021, Mr. Burke filed a request, seeking among other things, a mental health examination of Ms. Sauce and *ex-parte* temporary sole custody of the child pursuant to La. C.C.P. art. 3945, based on several allegations regarding Ms. Sauce's declining mental health condition and her intentional exposure of the minor child, who had pre-existing respiratory issues, to the Covid-19 virus in order to avoid a physical custodial exchange with Mr. Burke. Based on the allegations made, the trial court granted Mr. Burke temporary sole custody of the child and declined to award Ms. Sauce any interim visitation on the basis that immediate and irreparable injury would result to the child. The trial court scheduled a full hearing on the matter.

On the date of the hearing, Ms. Sauce and Mr. Burke entered into a temporary consent judgment, which was to remain in place for approximately one month, that provided Ms. Sauce with specific supervised visitation. The day after the hearing, the hearing officer issued a recommendation to the trial court that Mr. Burke be awarded sole custody of the child, subject to limited supervised visitation with Ms. Sauce, and that the parties undergo a mental health or psychological evaluation to determine whether either party had any psychological or mental health issues, and to explain how such behaviors might affect each parent's ability to parent and co-parent the child. Ms. Sauce filed an objection to the hearing officer's recommendations regarding custody and the mental health evaluation on the basis that the recommendations were in violation of the PSFVRA because Mr. Burke had a history of domestic abuse.

Ms. Sauce then filed a petition seeking to nullify "[t]he judgments rendered in this ... case ... pertain[ing] to custody and other ancillary matters" and "the

4

judgments [that were the result of] mediation"[2] on the basis that said judgments were in violation of the PSFVRA because Mr. Burke pled guilty to domestic abuse charges on February 4, 2016 and on September 11, 2018. Attached thereto were copies of the minutes from the two criminal proceedings.

After a hearing on Mr. Burke's motion for modification of custody and for a mental health examination of Ms. Sauce and Ms. Sauce's petition for nullity, the trial court signed a judgment on February 16, 2022, that, among other things: denied Ms. Sauce's petition to nullify the prior judgments; cast Ms. Sauce with costs of the proceeding; continued the award of temporary sole custody of the child to Mr. Burke, subject to specific visitation in favor of Ms. Sauce; and ordered the parties to undergo a full custody evaluation, including a mental health evaluation with a psychologist. From this judgment, Ms. Sauce has appealed, challenging each of these rulings of the trial court.

## JURISDICTION

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly allowed by law. See La. C.C. P. art. 2083(A) and (C). A final judgment is one that determines the merits of a controversy in whole or in part; in contrast, an interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. La. C.C.P. art. 1841. In addition, La. Const. art. V, § 10(A) provides that a court of appeal has "supervisory jurisdiction over cases which arise within its circuit."

---

[2] The record before us does not contain any judgments that were the result of mediation. However, Ms. Sauce refers to the hearing officer as a mediator.

The judgment on appeal herein determines the merits of Ms. Sauce's petition for nullity and casts her with the costs of that proceeding. Therefore, that portion of the judgment is a final judgment pursuant to La. C.C.P. art. 1841. The judgment also determines, in part, a preliminary matter in Mr. Burke's separate action seeking a modification of custody—*i.e.*, it continues a temporary order of sole custody in favor of Mr. Burke, subject to visitation in favor of Ms. Sauce and orders the parties to undergo a custody/mental health evaluation. As such, that portion of the judgment is interlocutory. Accordingly, we will separately address each portion of the judgment as it relates to this appeal.[3]

*Nullity Action*

A valid, appealable, final judgment must be precise, definite, and certain. It must contain appropriate decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046. These determinations should be evident from the language of the judgment without reference to other documents in the record. *Id.* In the absence of appropriate decretal language, the judgment is defective and cannot be considered a final judgment for purposes of appeal. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046-1047.

In this case, with respect to the nullity action, the judgment provides in the opening paragraph that the matter was before the court on "the Petition to Nullify Prior Judgments filed by Plaintiff" and the plaintiff is identified in the caption as

---

[3] We recognize that generally, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. **Landry v. Leonard J. Chabert Medical Center,** 2002-1559 (La. App. 1st Cir. 5/14/03), 858 So.2d 454, 461 n.4, writs denied, 2003-1748, 2003-1752 (La. 10/17/03), 855 So.2d 761. However, in this case, the final judgment being appealed was rendered in Ms. Sauce's action for nullity, but the interlocutory ruling she seeks to challenge arises from Mr. Burke's separate action for a modification of custody for which there has been no final judgment. Accordingly, Ms. Sauce is not entitled to seek review of that interlocutory ruling in conjunction with her appeal of the final judgment in the nullity action. As such, we separately address the appealability of provisions of the combined judgment.

Ms. Sauce. The judgment then provides "**IT IS ORDERED, ADJUDGED, AND DECREED** that the Petition to Nullify be and is hereby denied." Thus, while it is evident from the face of the judgment that Ms. Sauce's petition to nullify the prior judgments in this case was denied, the judgment does not contain appropriate decretal language dismissing that petition. The absence of decretal language dismissing the petition renders the judgment defective, and thus, cannot be considered a final judgment for purposes of an appeal.

Generally, when a judgment is defective because it does not contain appropriate decretal language, this Court should remand the matter for the limited purpose of instructing the trial court to sign an amended judgment that is precise, definite, and certain and contains appropriate decretal language. See La. C.C.P. arts. 1918(A), 1951, and 2088(A)(12), as amended by 2021 La. Acts, No. 259, §2 (eff. Aug. 1, 2021); **Hill International, Inc. v. JTS Realty Corp.**, 2021-0157 (La. App. 1st Cir. 12/30/21), 342 So.3d 322, 327-328. However, it is well-settled that an appellate court can notice or raise the peremptory exception raising the objection of no cause of action on its own motion. La. C.C.P. art. 927(B); **Moreno v. Entergy Corp.**, 2010-2268 (La. 2/18/11), 64 So.3d 761, 762. Furthermore, the objection of no cause of action may be noticed by the appellate court under its appellate jurisdiction or its supervisory jurisdiction. See **Hooks v. Treasurer**, 2006-0541 (La. App. 1st Cir. 5/4/07), 961 So.2d 425, 429, writ denied, 2007–1788 (La. 11/9/07), 967 So.2d 507 (wherein this Court raised the objection of no cause of action on its own motion under its appellate jurisdiction) and **Jenkins v. Lindsey**, 97-0492 (La. App. 4th Cir. 4/16/97), 693 So.2d 238, 240 (wherein the appellate court noticed the objection of no cause of action on its own motion under its supervisory jurisdiction).

The peremptory exception raising the objection of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a

remedy on the facts alleged in the pleading." **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1235. Notably, however, conclusions of law asserted as facts are not considered well-pled allegations of fact and the correctness of those conclusions are not conceded. **Hooks**, 961 So.2d at 429.

A final judgment may be annulled for vices of form or substance. See La. C.C.P. art. 2001. As to vices of form, a final judgment may be annulled if it is rendered: (1) against an incompetent person not represented as required by law; (2) against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken; and (3) by a court that does not have jurisdiction over the subject matter of the suit. La. C.C.P. art. 2002. As to vices of substance, a final judgment obtained by fraud or ill practices may be annulled, and an action to annul a judgment on these grounds must be brought within one year of the discovery of the fraud or ill practice. La. C.C.P. art. 2004.

Ms. Sauce's petition for nullity does not contain any factual allegations setting forth that any of the prior judgments in this matter have vices of form, as provided in La. C.C.P. art. 2002, or vices of substance, as provided in La. C.C.P. art. 2004. Rather, she alleges that Mr. Burke is a convicted domestic abuser, and as such, the prior judgments pertaining to custody and ancillary matters and the judgments that were the result of "mediation"[4] violated the PSFVRA and are null

---

[4] As previously noted, the record before us does not contain any judgments that were the result of mediation.

and void. The crux of Ms. Sauce's claim in this regard is that the PSFVRA is applicable to this case; however, this is not a well-pled allegation of fact, but a legal conclusion clothed as fact. Accordingly, we are not compelled to accept that legal conclusion as fact. See **Hooks**, 961 So.2d at 432.

The PSFVRA provides that "[t]here is created a *presumption* that no parent who has a history of perpetrating family violence, ... or domestic abuse, ... shall be awarded sole or joint custody of children." (Emphasis added) La. R.S. 9:364(A). In order for the PSFVRA to become applicable to a particular case, the court must make two specific findings: first, the court must find that there is family violence (or domestic abuse), and second, the court must find a history of family violence (or domestic abuse). See **Michelli v. Michelli**, 93-2128 (La. App. 1st Cir. 5/5/95), 655 So.2d 1342, 1346. Only after the trial court makes such specific findings is the *presumption* against awarding sole or joint custody to the parent with that history of perpetrating family violence or domestic abuse triggered. See La. R.S. 9:364(A). Furthermore, this presumption "shall be overcome only if the court finds ... by a preponderance of the evidence ... [that] [t]he perpetrating parent has successfully completed a court-monitored domestic abuse intervention program ...after the last instance of abuse[;] [t]he perpetrating parent is not abusing alcohol or using illegal substances ...[;] and [t]he best interest of the child or children ... requires the perpetrating parent's participation as a custodial parent because of the other parent's absence, mental illness, substance abuse, or other circumstance negatively affecting the child or children." La. R.S. 9:364(B).

Herein, neither the allegations of Ms. Sauce's petition nor the documents attached thereto establish that there was a *specific finding by the trial court in this case* that there is family violence or domestic abuse or a history of family violence or domestic abuse. Rather, the petition and documents attached thereto establish that Mr. Sauce had two prior convictions for domestic abuse in separate criminal

9

proceedings and thereafter, that Ms. Sauce and Mr. Burke entered into consent judgments regarding joint custody. Thus, it appears that the trial court never made any factual findings with respect to any issues related to the PSFVRA. Consequently, the presumption set forth in the PSFVRA was never triggered, and the PSFVRA is not applicable to this case.[5]

Therefore, accepting all of the well-pleaded allegations of fact set forth in Ms. Sauce's petition for nullity as true, the law does not provide the remedy of nullifying any of the prior judgments in this case or any judgments that were purportedly the result of mediation. As such, we must conclude that Ms. Sauce, in her petition for nullity, failed to set forth a cause of action for which the law provides a remedy. Thus, we render judgment sustaining the peremptory exception raising the objection of no cause of action, properly noticed on our own motion, and we dismiss Ms. Sauce's petition for nullity with prejudice. See La. C.C.P. arts. 927(B) and 934.[6]

*Temporary Order of Custody*

As previously noted, the portion of Ms. Sauce's appeal challenging the order continuing temporary sole custody in favor of Mr. Burke, subject to visitation in favor of Ms. Sauce, and the order that the parties undergo a custody/mental health evaluation is an appeal of an interlocutory judgment and this Court's appellate jurisdiction only extends to interlocutory judgments when expressly allowed by law. See La. C.C.P. arts. 1841 and 2083(C). There is no express statutory law allowing or authorizing an appeal of an interlocutory order regarding temporary custody or an order that the parties undergo a custody/mental health evaluation.

---

[5] Even if Ms. Sauce alleged that the necessary factual findings to trigger the presumption set forth in the PSFVRA had been made by the trial court, the failure to apply the presumption set forth therein would be grounds for an appeal, not an action for nullity.

[6] Since there are no additional facts that can be pleaded or established to provide Ms. Sauce with a claim to nullify the prior judgments herein, the grounds for the objection of no cause of action cannot be removed by amendment of the petition. Therefore, it is unnecessary to permit Ms. Sauce the opportunity to amend her petition.

Consequently, this Court lacks appellate jurisdiction to consider the merits of Ms. Sauce's appeal with respect to the order continuing temporary sole custody in favor of Mr. Burke, subject to visitation in favor of Ms. Sauce, and the order that the parties undergo a custody/mental health evaluation. Therefore, that portion of the appeal must be dismissed.

We recognize that this Court supervisory jurisdiction over cases that arise within its circuit, such as this case; however, the decision to convert an appeal to an application for supervisory writs is within the discretion of this Court. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Under certain circumstances, appellate courts have exercised the discretion to convert an appeal of an interlocutory judgment into an application for supervisory writs, such as when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3 and where reversal of the district court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. **Boyd Louisiana Racing, Inc. v. Bridges,** 2015-0393 (La. App. 1st Cir. 12/23/15) (*unpublished*), 2015 WL 9435285, *3 (citations omitted); see also **Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (wherein the Louisiana Supreme Court directed appellate courts to exercise their supervisory jurisdiction, even though relief may be ultimately available on appeal, when the trial court judgment is arguably incorrect, when a reversal would terminate the litigation (in whole or in part), and when there is no dispute of fact to be resolved).

While Ms. Sauce's motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3, we find the other criteria, as set forth above, have not been met. Thus, although we have the discretionary authority to convert

11

Ms. Sauce's interlocutory appeal to an application for supervisory writs and rule on the writ application, we decline to do so.

## CONCLUSION

For all of the above and foregoing reasons, we sustain a peremptory exception raising the objection of no cause of action noticed by this Court on our own motion and render judgment dismissing Ms. Sauce's petition to nullify judgments. Ms. Sauce's remaining appeal of the interlocutory judgment continuing temporary sole custody in favor of Mr. Burke, subject to visitation in favor of Ms. Sauce, and ordering the parties to undergo a custody/mental health evaluation is dismissed for lack of jurisdiction, and we decline to exercise our supervisory jurisdiction.

All costs of this appeal are assessed to Traci Sauce.

**JUDGMENT RENDERED SUSTAINING OBJECTION OF NO CAUSE OF ACTION AND DISMISSING TRACI SAUCE'S PETITION TO NULLIFY JUDGMENTS WITH PREJUDICE; REMAINDER OF APPEAL DISMISSED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CU 0541

TRACI SAUCE

VERSUS

JAKE BURKE

A HP by JEW

**PENZATO, J., concurs in part, dissents in part.**

As noted in the majority opinion, the judgment is defective with respect to the nullity action and is not a final judgment for purposes of appeal. Therefore, this court lacks subject matter jurisdiction and may not notice an exception of no cause of action. *See Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046. *See also Hill International, Inc. v. JTS Realty Corp.*, 2021-0157 (La. App. 1st Cir. 12/30/21) 2021 WL 6328321, *3 (unpublished) ("In the absence of proper decretal language, a judgment is defective, and the appellate court lacks jurisdiction to review the merits.") For this reason, I dissent in part and would remand the matter for the trial court to amend the judgment to cure the deficiencies in the judgment. La. C.C.P. arts. 1918(A), 1951, and 2088(A). I concur with the majority's decision to refrain from exercising supervisory jurisdiction to review the portion of the judgment that continues temporary sole custody in favor of Mr. Burke.