657 So.2d 572 (1995)
Effie LITTLETON, et al.
v.
MONTELEPRE EXTENDED CARE HOSPITAL, et al.
No. 94-CA-1661.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1995.
Henry T. Dart, Metairie, for plaintiff/appellant.
George L. Lamarca, Law Offices of Donald T. Giglio, New Orleans, for defendants-appellees.
Before SCHOTT, C.J., and ARMSTRONG and WALTZER, JJ.
SCHOTT, Chief Judge.
This is an appeal by plaintiffs from a judgment sustaining an exception of improper venue and improper joinder of parties filed by Goux Enterprises d/b/a/ Pontchartrain Guest House, a St. Tammany Parish domiciliary, and transferring the case to St. Tammany Parish. Because there is no legal basis for plaintiffs argument that the tort allegedly committed by Goux in St. Tammany was somehow related to or an outgrowth of an earlier tort allegedly committed by a New Orleans domiciliary in New Orleans, we affirm the judgment of the trial court.
In their petition plaintiffs who are domiciliaries of St. Tammany Parish allege the following *573 facts: On August 14, 1990, Effie Littleton was admitted to Montelepre Extended Care Hospital in New Orleans where she developed a decubitus ulcer due to inadequate nursing care. On August 22, she was discharged and was admitted to Highland Park Hospital in St. Tammany where she remained until September 17, when she was admitted to Pontchartrain Guest House (Goux). Because of the negligence of Goux's personnel, the condition of the ulcer which first developed at Montelepre was aggravated. In addition she sustained a fracture of the femur and skin lesions while under the care of Goux's personnel at Pontchartrain where she remained until October 8.
These allegations are of two separate torts at different times and places causing separate, distinct damages. Between August 14 and August 22 the negligence of Montelepre's personnel in New Orleans caused Effie to develop the ulcer. Between September 17 and October 8 the negligence of Goux's personnel in St. Tammany caused an aggravation of the ulcer along with the occurrence of a broken femur and skin lesions. No legal basis exists for venue in New Orleans over Goux or for the joinder of Goux as a party defendant in the suit asserted by plaintiffs in New Orleans against Montelepre unless Goux and Montelepre are solidarily liable. C.C.P. art. 73.
Plaintiffs first argue that Goux is solidarily liable with Montelepre because the ulcer was caused by the latter and worsened because of the neglect of the former. This overlooks the fact that the damages caused by each one are separate and distinct with Montelepre liable for causing the condition in the first place and Goux liable only for aggravation of this previous condition. Plaintiffs suggest in their brief that Montelepre and Goux must be treated as solidary obligors because solidarity was alleged in plaintiffs' petition without regard to the facts. Solidarity is a legal relationship whose existence must depend upon facts required to support it. Because a plaintiff is injured by one tort feasor and those injuries are aggravated by another tort feasor in another place at another time, the tort feasors are not solidarily liable even though there is some relationship with respect to the injuries.
Plaintiffs contend that solidarity exists on the basis of Weber v. Charity Hospital of Louisiana, 475 So.2d 1047 (La.1985); and Younger v. Marshall Industries, Inc., 618 So.2d 866 (La.1993).
In Weber plaintiff was injured in an automobile accident and treatment of her injuries included several blood transfusions at Charity Hospital. She contracted hepatitis from contaminated blood used in the transfusions. The issue was whether plaintiff's host driver who caused the injuries was solidarily liable with Charity for the hepatitis. Using a duty risk analysis, the court found that the host driver's negligence was a cause in fact of the hepatitis because the transfusions would not have been necessary but for the original injury; the host driver's duty to refrain from causing injury to plaintiff by negligent operation of the vehicle encompassed the risk that the plaintiff's injuries might be worsened by treatment of those injuries; and that there was an ease of association between the contraction of hepatitis and the rule of law which gave rise to the duty. Weber at page 1050.
In Younger plaintiff was injured while at work on a ship and was hospitalized for his injuries. Two days later while taking a shower at the hospital and sitting on a fold out seat designed for this purpose, the seat collapsed causing additional injuries. The question was whether plaintiff's employer was solidarily liable with the hospital for the injuries plaintiff sustained when the seat collapsed. The court reiterated the principles referred to above from Weber, but the court found that plaintiff's voluntary choice to utilize the shower chair would not necessarily constitute a part of the treatment for the original injury as was the blood transfusion in the Weber case. However, the court recognized the "weakened condition" theory of tort liability as a possible basis for solidarity. Under this theory if the plaintiff, as a result of a weakened condition due to the original injury, suffers a new accident and injury, the original tort feasor is liable for the subsequent injury. Younger at page 872. The court concluded that the duty of a tort feasor not to injure a victim includes the risk that due to his weakened condition, the victim would require the use of an appliance to accomplish a normal routine task and that *574 such appliance might be defective further injuring the victim. Younger at page 873. The present case is distinguishable from Weber and Younger. In those cases the subsequent injuries were incurred during the course of each plaintiff's treatment for the injuries caused by the original tort feasor. In the present case each defendant's contact with plaintiff arose out of that defendant's undertaking to provide general nursing home care to the defendant. Montelepre was allegedly negligent in its care of plaintiff with the result that plaintiff contracted this ulcer. Plaintiff left Montelepre and almost a month later entered Goux's nursing home. Goux did not undertake to provide plaintiff with specific treatment of any injuries caused by Montelepre; it was to provide general nursing care. Nor was the aggravation of plaintiff's ulcer the result of her weakened condition caused by Montelepre. It cannot be said that the duty of Montelepre to provide proper care to the plaintiff while she was in Montelepre's nursing home included the risk that she might be injured as a result of the negligence of a second nursing home in whose care she would subsequently place herself. There is no ease of association between the injuries caused by Goux's negligence and the duty on Montelepre to provide proper nursing care to plaintiff.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.