hPLOTKIN, Judge.
Defendant Exxon Corporation seeks supervisory review of a trial court judgment denying its exception of improper venue. We grant certiorari, but affirm the trial court judgment denying the exception.
*359 Plaintiff Charles Powell filed suit in Orleans Parish against Exxon and other defendants, alleging injury caused by asbestos exposure. Powell’s claim against Exxon is based on the Jones Act, unseaworthiness, and general negligence; specifically, Powell claims that he was exposed to asbestos while he was an Exxon employee working as a field maintenance man between 1955 and 1976. As part of his Exxon duties, Powell alleges that he installed equipment on offshore platforms, made gaskets out of sheets of asbestos, worked on an LST containing asbestos, worked at Bryan Oil Field installing and repairing equipment containing asbestos, and worked on equipment and instrumentation in Mississippi and Florida.
12Exxon filed an exception of improper venue, arguing that because Powell’s alleged asbestos exposure during his Exxon employment did not occur in Orleans Parish, venue was improper as to Exxon in Orleans Parish. On the other hand, Powell claims that venue is proper as to Exxon in Orleans Parish under the provisions of La. C.C.P. art. 73, relative to venue in suits against joint or solidary obligors, because he was exposed to asbestos in Orleans Parish and because several other defendants, R.P. Farnsworth, Reilly Benton Co., and Eagle, Inc. were domiciled in Orleans Parish. Exxon argues that the venue provisions of La. C.C.P. art. 73 do not apply because it is not solidarily liable with the Orleans Parish defendants for Powell’s injuries. The trial court denied the exception.
La. C.C.P. art. 73, relative to venue in actions against joint or solidary obligors, provides as follows:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiffs domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
A plaintiff defending against an exception of venue by invoking the provisions of La. C.C.P. art. 73 must allege sufficient facts to prove that the venue chosen is the proper venue for at least one of the joint or solidary obligors. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). Generally, alleging that some of the defendants are domiciled in the parish where the suites filed and requesting judgment against the defendants in solido is sufficient. Akins v. Parish of Jefferson, 529 So.2d 27 (La.App. 5th Cir.), modified on other grounds, 533 So.2d 970 (La.1988). The plaintiff is also required to allege facts showing that the various defendants are in fact jointly or solidarily obligated. Paul v. Wilcox, 228 So.2d 487 (La.App. 1st Cir.1969). Accordingly, this court must determine whether Powell’s petition in the instant case contains sufficient allegations to support a judgment against the Exxon and the other defendants as joint or solidary obligors, if proven.
The three possible types of obligations are defined by the Louisiana Civil Code as follows:
When each of different obligors owes a separate performance to one obligee, the obligation is several for the obligors. La. C.C.P. art. 1787.
When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors. La. C.C.P. art. 1788.
An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee. La. C.C.P. art. 1794.
Exxon claims that the factual allegations of Powell’s petition in the instant case, even if proven, are insufficient to support a judgment against Exxon and the other defendants as joint or solidary obligors. In support of that argument, Exxon cites primarily to Littleton v. Montelepre Extended Care Hospital, 94-1661 (La.App. 4th Cir. 6/7/95), 657 So.2d 572, writ denied, 95-1727 (La.10/13/95), 661 So.2d 499, in which the court found that the first nursing home | ¿providing care to plaintiff was not liable for aggravation of prior injuries and infliction of new injuries by a second nursing home. Exxon does not even address whether it *360 might be jointly liable with the other defendants.
The Littleton case is distinguishable from the instant ease because the injuries sustained by the Littleton plaintiff in the first accident and the subsequent accident were distinct, despite the fact the plaintiffs claimed aggravation of the original injury in the second accident. Littleton stands only for the proposition that a tortfeasor’s duty to refrain from causing injury to another through his negligent conduct does not encompass the risk that a different tortfeasor, in an unrelated accident, will cause greater damage to the plaintiff.
In contrast to the Littleton case, the allegations in the instant case describe successive negligence, as opposed to subsequent negligence. Unlike the Littleton case, the instant case does not involve two distinct accidents, but instead involves factual allegations that Powell’s injuries resulted from the cumulative effect of years of exposure to asbestos in the workplace, albeit different workplaces while he was employed by different employers, including Exxon.
The existing jurisprudence on this issue is not especially instructive in determining the nature of the obligations of Exxon and the other defendants in this ease. Most of the solidary obligation cases deal with insureds and insurers, sureties and guarantors, joint contracts, contribution, and settlement and |5release. The cases dealing with joint obli-gees are focused on leases, promissory notes, sureties, and stockholder liability. Almost all the cases discussing several obligations are based purely on contractual interpretation. Exxon failed to cite and we failed to locate any cases dealing with alleged successive tortfeasors which were similar to the instant case.
Nevertheless, applying the above standards for deciding an exception to venue in a case involving alleged joint or solidary obli-gors, we find that the allegations of Powell’s petition are sufficient to support a finding of joint or solidary liability between Exxon and the other defendants, if proven. The injuries complained of allegedly resulted from the cumulative effect of the Powell’s work-related exposure to asbestos, some of which allegedly occurred while Powell was employed by Exxon.
Accordingly, we find no manifest error in the trial court judgment denying the exception of improper venue; Powell has properly alleged joint or solidary liability between Exxon and the Orleans Parish defendants.

WRIT GRANTED; RELIEF DENIED.