869 So.2d 137 (2004)
Nolan FRANZ
v.
John LEDOUX, The Republic Fire and Casualty Insurance Company, The French Riviera Spa, Inc., The ABC Insurance Company, and State Farm Insurance Company.
No. 2003-C-2080.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 2004.
Jerry B. Jordan, Jordan Law Firm, New Orleans, LA, for Plaintiff/Relator.
*138 Kelly Cambre Bogart, Duplass, Zwain, Bourgeois & Morton, and David M. Cambre, Law Office of David M. Cambre, L.L.C., Metairie LA, for Defendant/Respondent, French Rivera Health Spa, Inc.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge PATRICIA RIVET MURRAY).
JOAN BERNARD ARMSTRONG, Chief Judge.
We grant the plaintiff-relator, Nolan Franz's, supervisory writ application in order to review the judgment of the district court granting the exception of improper venue filed by the defendant-respondent, The French Riviera Spa, and transferring the case to the 24th Judicial District Court for the Parish of Jefferson. We affirm the judgment of the lower court, thereby denying the relief sought by the plaintiff-relator.
Plaintiff-relator (hereinafter simply "relator") contends that on August 7, 1999, while exercising at the defendant-respondent (hereinafter simply "respondent"), French Riviera Spa, located in Jefferson Parish, he was injured after falling from an improperly modified piece of exercise equipment. On September 9, 1999, relator was involved in a motor vehicle accident with a vehicle driven by another defendant, John LeDoux, that occurred in Orleans Parish, also allegedly injuring relator.
Prior to these two accidents, relator had been diagnosed with two herniated discs. Relator alleges that as a result of these two separate and distinct accidents he suffered one identifiable set of injuries to his spine that are indivisible for purposes of assigning cause to either of the two incidents.[1]
Relator filed a cumulated action against both defendants and their insurers in Orleans Parish. The only portions of the record below annexed to the relator's writ application are his original petition, his first supplemental and amending petition, the judgment (which includes the written reasons therefore), the notice of judgment, and the notice and order to apply for writs.[2] Therefore, as the respondent's opposition did not contest any of the procedural history as set forth by the relator, in the absence of a procedurally complete record we have relied on the relator's exposition of the procedural history which follows: Early in the course of the litigation, respondent filed an exception of improper venue. The trial court deferred ruling on the issue, apparently on the basis of the need for additional discovery. Subsequently, the parties entered into mediation and relator settled with all defendants from the motor vehicle accident. Respondent then reurged its exception of venue; and following a hearing in July 2003, the trial court granted the exception and ordered the case transferred to the 24th *139 Judicial District Court. Relator moved for a rehearing of the issue and filed a request for written reasons. Relator also filed a notice of appeal. On October 10, 2003, the court denied the request for rehearing. The court issued a judgment with reasons on October 20, 2003. Relator filed a notice of intent to seek supervisory review.[3]
Relator alleges that venue is proper in Orleans Parish as to the motor vehicle accident because the driver, John LeDoux, was domiciled in Orleans Parish and the accident occurred in Orleans Parish. Respondent does not dispute this fact. However, the following facts are admitted by the relator in his petition for damages relevant to his alleged fall at the French Riviera Spa: (1) Relator is a resident and domiciliary of Jefferson Parish and (2) Relator's alleged fall at the French Riviera Spa occurred in Jefferson Parish. The French Riviera Spa alleges that it is a Jefferson Parish corporation. Relator does not contend otherwise in its writ application. Relator alleges that venue is proper in Orleans Parish as to the French Riviera Spa on the basis of La. C.C.P. art. 73, arguing that French Riviera is solidarily or jointly liable with LeDoux for relator's injuries.[4] Specifically, relator's First Supplemental and Amended Petition states:
As a result of the successive negligence of the defendants, plaintiff sustained injuries which arose as a result of the concerted effect of that successive negligence on plaintiff's already injured spine. As such, the defendants are jointly liable to plaintiff for their neglect which acted in concert, or by synergy, to cause specific spinal injuries which are at this point incapable of being divided and assigned to any specific negligent act.
In granting relator's exception and ordering the case transferred to the 24th Judicial District, the trial court found as follows:
After carefully considering the law, evidence, testimony, and arguments of counsels on the Motion for Rehearing of Exception of Venue, this court finds that the injuries had to occur in the same accident in order for the defendants to be joint-tortfeasors. This is regardless of the fact that the injuries sustained may overlap. The court finds in this matter that there was one accident that created the injury, and another which aggravated a pre-existing condition. The court further finds that there exist two separate accidents, and therefore there should be two separate causes of action.
In Littleton v. Montelepre Extended Care Hosp., 94-1661 (La.App. 4 Cir. 6/7/95), 657 So.2d 572, the plaintiffs filed suit against two nursing homes in Orleans Parish. They alleged that the plaintiff *140 patient contracted an ulcer due to inadequate care at the first nursing home, Montelepre Extended Care Hospital, which was located in Orleans Parish. Less than a month after being discharged, the plaintiff was admitted to the second nursing home, Ponchartrain Guest House in St. Tammany Parish, where it was alleged that the condition of the ulcer was aggravated due to negligence on the part of the facility's personnel. The trial court sustained an exception of improper venue and improper joinder filed by Ponchartrain. The plaintiffs argued that Ponchartrain was solidarily liable with Montelepre because the ulcer was caused by Montelepre and worsened by Ponchartrain. In sustaining the trial court's action in Littleton this Court explained that:
Solidarity is a legal relationship whose existence must depend upon facts required to support it. Because a plaintiff is injured by one tortfeasor and those injuries are aggravated by another tortfeasor in another place at another time, the tortfeasors are not solidarily liable even though there is some relationship with respect to the injuries.
Id., 94-1661, p. 2, 657 So.2d at 573.[5]
Next this Court went on to distinguish Weber v. Charity Hospital of Louisiana, 475 So.2d 1047 (La.1985) and Younger v. Marshall Industries, Inc., 618 So.2d 866 (La.1993), in language that is applicable to the disposition of the instant case:
The present case is distinguishable from Weber and Younger. In those cases the subsequent injuries were incurred during the course of each plaintiff's treatment for the injuries caused by the original tort feasor. In the present case each defendant's contact with plaintiff arose out of that defendant's undertaking to provide general nursing home care to the defendant. Montelepre was allegedly negligent in its care of plaintiff with the result that plaintiff contracted this ulcer. Plaintiff left Montelepre and almost a month later entered Goux's nursing home. Goux did not undertake to provide plaintiff with specific treatment of any injuries caused by Montelepre; it was to provide general nursing care. Nor was the aggravation of plaintiff's ulcer the result of her weakened condition caused by Montelepre. It cannot be said that the duty of Montelepre to provide proper care to the plaintiff while she was in Montelepre's nursing home included the risk that she might be injured as a result of the negligence of a second nursing home in whose care she would subsequently place herself. There is no ease of association between the injuries caused by Goux's negligence and the duty on Montelepre to provide proper nursing care to plaintiff. [Emphasis added.]
Id., 94-1661, p. 4, 657 So.2d at 574.
Following Littleton we can say that there is no ease of association between the fall at the French Riviera Spa and the automobile accident occurring approximately one month later. Also following Littleton, we can say that the duty of care that the French Riviera Spa should have exercised in order to prevent relator's alleged fall did not include the risk of negligence by an automobile driver one month later.
Relator's position, quite literally, is that because his doctor is unable to determine from which accident his injury stems, or the extent of the injuries from each incident, that the French Riviera Spa *141 is, therefore, liable jointly with LeDoux for his injuries. The fact it may be difficult at trial for the fact finder to separate injuries attributable to the two alleged accidents does not create solidarity between the two alleged tortfeasors. The fact that the second tortfeasor may be liable for aggravating the pre-existing injuries caused by the first tortfeasor does not create solidarity between the two alleged tortfeasors. Even assuming that all of the facts are exactly as the relator contends them to be, as a matter of law no solidarity exists between the two alleged tortfeasors.
For the foregoing reasons, we affirm the judgment of the trial court.
WRIT GRANTED; RELIEF DENIED.
NOTES
[1] In this regard, relator writes:

Dr. Dietze [realtor's treating physician] initially felt that the injuries caused by the French Riviera fall had not caused any significant aggravation to Nolan's herniated disc lumbar discs at L4-5, L-5-S1. However, Dr. Dietze wrote on 11/30/1999, after seeing a new MRI that had been taken after both the fall and the MVA:
This new study does show what I interpret as a high intensity zone of the right L4-5 disc herniation, implying a superimposed acute annular tear. Each incident in and of themselves could have possibly caused this tear. I can only state that the MRI scan shows a new finding that does seem to correlate with the increased back pain and right leg symptoms.
[2] Among the items not included with the writ application as required by Uniform Rules Courts of Appeal, Rule 4-5(h) is a copy of the respondent's exception of prescription.
[3] Relator states that after the court issued the judgment he attempted to find his previously filed Motion for Stay Pending Appeal and Notice of Intent but was unsuccessful. As a result, he states that he filed his notice of intent to seek supervisory review. Relator's application makes no mention of the current status or disposition of his previously filed Notice of Appeal.
[4] La. C.C.P. art. 73, relative to venue in actions against joint or solidary obligors, provides in pertinent part as follows:

A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
[5] This court further distinguished the case on the basis that there was no ease of association between the two parties' negligence as is the case where a plaintiff incurs subsequent injuries during the course of treatment for the injuries caused by the original tortfeasor.