WILLIAMS, Judge.
hThe defendant, Eaton Corporation (“Eaton”) appeals a judgment denying its exception of prescription as to the claims of plaintiffs, George Pickett, Thaud Kier- *495 bow, Wilbur Shoemake, Jr. and Herman James. The district court found that because Webster Parish was a parish of proper venue as to Eaton at the time plaintiffs filed suit, their claims had not prescribed. For the following reasons, we reverse and render.
FACTS
In August 1999, nineteen plaintiffs, including George Pickett, Thaud Kierbow, Wilbur Shoemake, Jr. and Herman James, filed suit in Webster Parish alleging exposure to asbestos while working at various job sites, including the International Paper Company (“IP”) facility in Springhill, Webster Parish, Louisiana. Pickett, Kierbow, Shoemake and James also alleged asbestos exposure while working at the premises of Libbey-Owens-Ford Company (“Libbey”) located in Shreveport, Louisiana. In addition, plaintiffs’ petition alleged claims against various suppliers of asbestos products, including Asten Group, Inc., and the petition alleged joint and solidary liability with respect to all defendants.
On March 30, 2001, plaintiffs amended their petition to add Eaton, successor in interest to Libbey, as a party defendant. Eaton is a foreign corporation with an agent for process in Baton Rouge, Louisiana. Pickett and Shoemake alleged occupational exposure to asbestos at the Webster Parish premises of Cordant Technology and Arizona Chemical Company.
Subsequently, Eaton filed a declinatory exception of improper venue against Pickett, Kierbow, Shoemake and James. In February 2002, the | ¡Webster Parish district court entered a judgment, which stated that at the hearing on the exception, plaintiffs’ counsel had “stipulated that Eaton Corporation’s exception of improper venue was well-founded” and transferred the case to Morehouse Parish. The parties did not request a transcript of the hearing.
In June 2004, Eaton filed an exception of prescription alleging that the claims of Pickett, Kierbow, Shoemake and James had prescribed because the original petition, filed in the improper venue of Webster Parish, did not interrupt prescription and Eaton was not timely served with process. The Morehouse district court denied the exception, finding that Webster Parish was a proper venue at the time plaintiffs filed suit. Eaton applied for a supervisory writ. This court granted the writ and docketed the case for appeal. Pickett v. International Paper, 40,313 (La. App.2d Cir.7/8/05).
DISCUSSION
Eaton contends the trial court erred in revisiting the issue of venue after the plaintiffs had stipulated that the exception had merit and stipulated to a transfer. Eaton argues that the February 2002 judgment established that venue was improper in Webster Parish.
Courts are not bound by stipulations of parties purporting to determine legal conclusions. While parties are bound by their stipulations regarding factual matters, stipulations involving questions of law are given no effect, since it is the function of the courts to construe the law. Commercial National Bank v. Steele, 542 So.2d 1154 (La.App. 2d Cir.1989). Although generally a stipulation has the effect of a judicial | ^admission which binds the parties and the court when not in derogation of the law, a stipulation cannot affect the powers, duties and prerogatives of the court in relation to other litigants, the general public and the state. Mobley v. Harrel, 571 So.2d 662 (La.App. 2d Cir. 1990). Venue is a question of law. Nitro Gaming, Inc. v. D.I. Foods, Inc., 34,301 (La.App.2d Cir.11/01/00), 779 So.2d 817.
*496 In the present case, the parties’ stipulation on the issue of venue involved a question of law and was not binding on the court. In addition, a trial court’s ruling on an exception of improper venue is an interlocutory ruling. Danny Weaver Logging Inc. v. Norwel Equip. Co., 33,793 (La. App.2d Cir.8/23/00), 766 So.2d 701. Prior to final judgment a district court may, at its discretion and on its own motion, change the result of interlocutory rulings it finds to be erroneous. VaSalle v. Wal-Mart Stores, Inc., 01-0462 (La.11/28/01), 801 So.2d 331. Thus, Eaton is incorrect in its contention that the district court was precluded from revisiting the issue of venue when considering the exception of prescription. The assignments of error lack merit.

Venue

Eaton contends the district court erred in concluding that venue was proper in Webster Parish and in denying the exception of prescription. Eaton argues that plaintiffs’ claims have prescribed because the petition was filed in a parish of improper venue and Eaton was not served with process within the prescriptive period.
Venue means the parish where an action or proceeding may properly |4be brought and tried. LSA-C.C.P. art. 41. Under the general rules of venue, an action against a domestic corporation shall be brought in the parish where its registered office is located, and an action against a foreign corporation licensed to do business in this state shall be brought in the parish where its designated primary business office is located, or if no such designation is made, then in the parish where its primary place of business is located. In addition, an action against a foreign corporation not licensed to do business in this state, without an agent for service, shall be brought in the parish of plaintiffs domicile. LSA-C.C.P. art.- 42. The general rules enunciated in Article 42 are subject to the exceptions provided in Articles 71 through 85 and as otherwise provided by law. LSA-C.C.P. art. 43.
LSA-C.C.P. art. 73 provides that an action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant. A plaintiff defending against an exception of venue by invoking the provisions of Article 73 must allege sufficient facts to prove that the venue chosen is the proper venue for at least one of the joint or solidary obli-gors. Spott v. Otis Elevator Company, 601 So.2d 1355 (La.1992). The plaintiff is also required to allege facts showing that the various defendants are in fact jointly or solidarily obligated. Strasner v. State, 99-1099 (La.App. 1st Cir.6/23/00), 762 So.2d 1206. Thus, plaintiffs’ petition must contain sufficient allegations to support a finding that venue is proper as to at least one of the defendants under Article 42 and that defendants are joint or solidary obli-gors.
In the present case, each of the defendants listed in the original ^petition are either domestic or foreign corporations. For venue to be proper as to one of the defendants under Article 42, Webster Parish would have to be the location of the registered office of one of the domestic corporations, the location of the primary business office of one of the foreign corporations licensed to do business in this state (or its primary place of business if no such designation has been made) or the plaintiffs domicile if any of the corporate defendants are foreign corporations not licensed to do business in this state. The petition does not allege that Webster Parish is either the primary place of business for any of the foreign corporations licensed to *497 do business in this state or the location of the registered office of any of the domestic corporations.
Plaintiffs allege in their petition that the defendant, Asten Group, Inc. (“Asten”), is a foreign corporation without an agent appointed for service of process that may be served through the long-arm statute. Plaintiffs argue that because all plaintiffs have claims against Asten, LSA-C.C.P. art. 42(5) provides a proper venue in Webster Parish, where three plaintiffs, Hanson, Malone and Veatch, are domiciled. Plaintiffs further argue that since venue is proper in Webster Parish as to Asten under Article 42(5), then venue is also proper under Article 73 for Eaton as a joint obli-gor. Thus, the question is whether plaintiffs sufficiently alleged that Asten and Eaton are joint or solidary obligors.
Solidarity is a legal relationship whose existence must depend upon supporting facts. When a plaintiff is injured by a tortfeasor and then is injured again by another tortfeasor at another place and time, the tortfeasors | ^are not of necessity solidarity liable. Franz v. LeDoux, 03-2080 (La.App. 4th Cir.2/4/04), 869 So.2d 137. Here, the petition does not allege that the plaintiffs who were domiciled in Webster Parish ever worked at Eaton or were injured by the conduct of Eaton. Thus, the petition allegations are not sufficient to show that Eaton is a joint obligor with Asten as to the Webster Parish plaintiffs. Consequently, under Article 73 Webster Parish is not a proper venue with respect to Eaton.
The plaintiffs also contend venue is proper in Webster Parish because that is where the damages from asbestos exposure were sustained. LSA-C.C.P. art. 74 provides that an action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or where the damages were sustained.
Although the petition alleges that all plaintiffs were damaged by exposure to asbestos in Webster Parish, the allegations involving Eaton relate only to its facility in Caddo Parish. Thus, since the petition does not allege that Eaton’s conduct was a cause of the damages sustained in Webster Parish, that parish is not a proper venue as to Eaton pursuant to Article 74, which does not extend venue on the basis of any joint or solidary relationship between defendants. After reviewing the record and the applicable law, we must conclude the petition states insufficient facts to establish that venue is proper in Webster Parish as to Eaton.

Prescription

Eaton contends the district court erred in denying the exception of prescription. Delictual actions are subject to a liberative prescription of one |7year, which commences to run from the day injury or damage is sustained. LSA-C.C. art. 3492. Interruption of prescription as to one joint tortfeasor is effective as to all joint tortfea-sors. LSA-C.C. art. 2324. However, if an action is commenced in an improper venue, then prescription is interrupted only as to a defendant served with process within the prescriptive period. LSA-C.C. art. 3462.
In the present case, there is no dispute that Eaton was not served with process until March 2001, when it was added as a defendant in the suit. In light of our conclusion that the original petition was filed in a parish of improper venue, prescription was not interrupted as to Eaton by the filing of suit on August 9, 1999. Under Article 3462, prescription would only have been interrupted by serving Eaton with process within the prescriptive period, which ended on August 9, 2000. Since Eaton was not served with process until March 2001, the plaintiffs’ claims *498 against Eaton have prescribed. Thus, the district court erred in denying Eaton’s exception of prescription. Consequently, we shall reverse the judgment.
CONCLUSION
For the foregoing reasons, the district court’s judgment is reversed. Judgment is hereby rendered sustaining Eaton Corporation’s exception of prescription, and the plaintiffs’ claims against Eaton are dismissed. Costs of this appeal are assessed to the plaintiffs, George Pickett, Thaud Kierbow, Wilbur Shoemake, Jr. and Herman James.
REVERSED AND RENDERED.