SUSAN M. CHEHARDY, Judge.
li>The plaintiff appeals the dismissal of his suit on an exception of prescription. We affirm.
On August 7,1999 Nolan Franz fell from a piece of equipment at an exercise facility owned and operated by French Riviera Spa, Inc. in Metairie, Jefferson Parish. The equipment allegedly had been improperly modified by French Riviera Spa, Inc. (hereafter “French Riviera”). He fell approximately four feet, landing on a step-stool and bruising his right buttock.
At the time Franz had a pre-existing back injury from a July 1998 work-related accident, which was the subject of a pending worker’s compensation claim. Franz did not feel that the spa fall had caused any significant aggravation to his pre-ex-isting herniated discs. However, he reported the fall at the spa to his treating physician, Dr. Donald Dietze.
On September 10, 1999 — a little over a month after the fall at French Riviera— Franz was involved in a traffic accident in Orleans Parish, in which his vehicle was rear-ended by a vehicle driven by John Ledoux, an Orleans Parish domiciliary. A few days later Franz began to experience significant pain in his lower back and neck, which led him to believe he had aggravated his pre-existing |aback injuries in the vehicular accident. Franz was unsure, *536 however, which accident was the true cause of the pain.
He reported the traffic accident to Dr. Dietze, who ordered MRI tests of his lumbar and cervical spine. When compared to the MRIs taken following his 1998 work-related accident, the MRIs revealed new damage to Franz’s lower back, as well as damage to his neck.
On August 1, 2000, Franz filed suit in Orleans Parish against French Riviera Spa, John Ledoux, their insurers, and his own uninsured motorist insurer, alleging the defendants were liable “individually, jointly, severally and in solido ” for aggravation of his pre-existing back injuries. The plaintiff relied on his belief that French Riviera and Ledoux were joint or solidary obligors, making Orleans Parish a viable venue in which to sue French Riviera, a Jefferson Parish domiciliary.[1]
On the same date, August 1, 2000, Franz requested service on the French Riviera Spa through its registered agent in Jefferson Parish.
Because the suit had been filed in Orleans Parish, the Civil District Court clerk had to forward the suit papers to the Jefferson Parish sheriff for service on French Riviera.[2] The Jefferson Parish sheriff did not receive the papers until August 11, 2000 — -four days past the August 7 anniversary of the plaintiffs fall at the spa. The Jefferson Parish sheriffs office served the papers on French Riviera on the same day, August 11, 2000.
LLater that month Franz settled his worker’s compensation claim. The defendants in the auto accident claim filed an exception of improper cumulation and mis-joinder of actions, asserting that the claim against French Riviera was improperly cu-mulated with the auto accident claims because there was no community of interest, because the claims arose out of different facts and did not present the same factual and legal issues. Further, the exceptors asserted the suit against French Riviera was in an improper venue.
French Riviera Spa then filed a declina-tory exception of venue, relying on La. C.C.P. arts. 42, 74 and 463. French Riviera argued that Jefferson Parish was the only proper venue for suit against it, because it is a domestic corporation with its registered office located in Jefferson Parish [3] and because Jefferson Parish is where the plaintiff sustained the damages he alleges were caused by French Riviera.[4] Further, French Riviera asserted that cu- *537 mulation of the action against it with the action against Ledoux was improper because Jefferson Parish was the only proper venue for suit against French Riviera.[5] French Riviera sought to have the case dismissed or transferred to Jefferson Parish, pursuant to La.C.C.P. art. 121.[6]
The plaintiff opposed the exception of venue on the ground that the damage caused to his back by both accidents was “indivisible” — that is, it could not be determined which accident caused what percentage of the damage, so that the defendants were solidarily liable for his injuries. The plaintiff argued that joinder |¡¡was proper under La.C.C.P. art. 641 because all the parties were “necessary for just adjudication,” i.e., to determine proportionate liability for his injuries.
The Orleans district court continued the exception without date pending discovery, on the ground the defendants may be soli-darily bound because the court was unable to discern whether the damages the plaintiff suffered were separate and distinct.
The motor vehicle defendants eventually dismissed their exception of improper cu-mulation and misjoinder. Discovery proceeded in the case, with French Riviera’s exception to venue still undecided.
In June 2003, the plaintiffs treating physician, Dr. Dietz, contradicted his prior written opinions on the issue of causation and testified that it was more likely that the aggravation of the plaintiffs pre-exist-ing back injury had occurred due to his fall at the spa rather than in the auto accident.
The Orleans Parish district court granted French Riviera’s exception to venue and ordered that the case be transferred to Jefferson Parish. The plaintiff filed a motion for rehearing, which the trial court denied. In a written ruling the court stated:
[T]his court finds that the injuries had to occur in the same accident in order for the defendants to be joint-tortfea-sors. This is regardless of the fact that the injuries sustained may overlap. The court finds in this matter that there was one accident that created and [sic] injury, and another which aggravated a preexisting condition. The court further finds that there exist two separate accidents, and therefore there should be two separate causes of action.
Franz v. Ledoux, No. 2000-11722 (La.Civ.Dist.Ct.10/20/03) (unpublished ruling).
The court issued a judgment in which it stated that the application for rehearing of the venue exception was denied and the exception was granted. The [¡¡judgment ordered that the case be transferred to the 24th Judicial District Court for the Parish of Jefferson “without prejudice.”
Shortly thereafter the plaintiff executed a settlement of his claims against the motor vehicle accident defendants. His claims against those defendants were dismissed with a reservation of rights against all other parties.
The plaintiff filed a writ application to the Fourth Circuit Court of Appeal, which granted a writ of review, but on review *538 affirmed the trial court’s ruling. In a mul-ti-page ruling on the writ application, the Fourth Circuit found as follows:
[TJhere is no ease of association between the fall at the French Riviera Spa and the automobile accident occurring approximately one month later.... [T]he duty of care that the French Riviera Spa should have exercised in order to prevent relator’s alleged fall did not include the risk of negligence by an automobile driver one month later.
* * *
The fact that it may be difficult at trial for the fact finder to separate injuries attributable to the two alleged accidents does not create solidarity between the two alleged tortfeasors. The fact that the second tortfeasor may be liable for aggravating the pre-existing injuries caused by the first tortfeasor does not create solidarity between the two alleged tortfeasors. Even assuming that all of the facts are exactly as the relator contends them to be, as a matter of law no solidarity exists between the two alleged tortfeasors.
Franz v. Ledoux, 03-2080, pp. 5-6 (La.App. 4 Cir. 2/4/04), 869 So.2d 137, 140-141.
As a result, the suit against French Riviera was transferred to the Jefferson Parish district court.
French Riviera filed an exception of prescription in the Jefferson court, stating that because this matter was originally filed in an improper venue and French Riviera was not served within one year of the date of the incident, the claims were prescribed under La.C.C. art. 3462.
|7The Jefferson court granted the exception of prescription, stating in written reasons within the judgment:
This Court finds that prescription commenced on August 7, 1999, the date plaintiff fell at the facility. At that time, plaintiff was aware that he sustained some type of damage due to the fall.
This Court will not relitigate an issue already determined by the Orleans Parish Civil District Court and the Fourth Circuit Court of Appeal. This Court finds that the Fourth Circuit ruling constitutes the law of the case and will not be relitigated.
La. Civil Code Art. 3462 clearly states that when all [sic] action is not filed in the correct venue, interruption only occurs to those defendants who are served within the prescriptive period. French Rivera [sic] was not served until August 11, 2000, clearly past the one year prescriptive period. Therefore, this Court finds plaintiffs claim against French Rivera [sic] are [sic] prescribed and are dismissed with prejudice.
Franz v. Ledoux, No. 605-645 (La. 24th Jud. Dist.Ct., 3/9/05) (unpublished ruling).
On appeal the plaintiff makes the following assignments:
1. The trial court erred in assuming that the Fourth Circuit’s ruling precluded any consideration of proper venue for the purpose of deciding the exception of prescription;
2. The trial court erred by failing to understand that the basis for transferring the case to Jefferson was La.C.C.P. art. 121, and that the transfer was made without prejudice to the plaintiff; and
3. The trial court erred in failing to understand that the facts and law in this case justified a suspension, if not an interruption, of prescription.
The plaintiff argues that the delay in service is'not attributable to him, but rather to. the delay by public officials in exercise of their official duties — that is, by the Orleans Parish civil sheriffs office in *539 transmitting the papers to the Jefferson Parish sheriffs office for service. In addition, the plaintiff asserts that a litigant waives the right to file an exception of prescription based on a lack of service of ^process within the prescriptive period under La.C.C. art. 3462 by first objecting to venue without simultaneously raising the potential prescription issue.
He also argues that the one-year prescription of La.C.C. art. 3492 does not begin to run until the injured party knows of the actual injury sued on and the specific causation of that injury, constructively or otherwise. He contends that at the time the suit was filed, venue was not improper because it was not known whether both or only one of the two accidents caused the aggravation of the pre-existing injuries.
We find no merit to these arguments.
La.C.C. art. 3492 provides that tort claims are subject to a prescriptive period of one year, which commences on the date the damage or injury is sustained. It is spurious for the plaintiff to argue that prescription did not start running on the date of the fall at French Riviera. Even if he did not know specifically that the fall aggravated his pre-existing injury, he was aware on that day that he had sustained some type of damage in the incident.
Prescription is interrupted with the filing of suit in a court of competent jurisdiction and venue. La.C.C. art. 3462. If the action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. Id. (Emphasis added.)
The exception of prescription may be pleaded at any time prior to submission of the case for decision. La.C.C.P. art. 928. Prescription, having tolled, is not interrupted by the transfer of the case. Riley v. Louisiana I-Gaming, 98-1106 (La.App. 5 Cir. 3/10/99), 732 So.2d 541, 544, writ denied, 99-997 (La.5/28/99), 743 So.2d 674. Once the prescriptive period has passed and the ^defendant has been neither sued in a court of competent jurisdiction and venue, nor served, prescription has run. Id.
Prescription runs against all persons unless an exception is established by the legislature. La.C.C. art. 3467. Prescription statutes are strictly construed against prescription and in favor of the obligations sought to be extinguished by them. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, 211.
This case is governed by La.C.C. art. 3462. It is distinguishable from cases falling under La.C.C.P. art. 1201. La.C.C.P. art. 1201 requires a plaintiff to request service of his lawsuit within 90 days of commencement of the action. If not, then the proceedings are null. There is a “good cause” exception, however, to La.C.C.P. art. 1201’s 90-day service request requirement.[7]
Conversely, there are no statutory exceptions to the rule of La.C.C. art. 3462. Further, the language of Article 3462 differs significantly from the wording of Article 1201. Article 1201 merely requires that the plaintiff request service of his lawsuit within 90 days. In contrast, Arti- *540 ele 3462 requires that the defendant be served within the prescriptive period.
The directive of La.C.C. art. 3467 — that prescription runs against all persons unless exception is established by legislation. — compels our conclusion that the delay in service in this case means that prescription accrued in favor of the defendant, French Riviera Spa, Inc.
Finally, contrary to the plaintiffs arguments, the question of venue, decided by the Civil District Court and upheld on review by the Fourth Circuit, is now law of the case. There is no compelling reason for this Court to overlook the prior ruling to revisit that issue. See, Shaffer v. Stewart Const. Co., Inc., 03-971, p. 71 (La.App. 5 Cir. 1/13/04), 865 So.2d 213, 218, writ denied, 04-420 (La.4/2/04), 869 So.2d 886.
For the foregoing reasons, the judgment is affirmed. The plaintiff is cast for costs of this appeal.

AFFIRMED.

. La.C.C.P. art. 73 provides that an action against joint or solidary obligors may be brought in a parish of proper venue, “'under Article 42 only,” as to any obligor who is made a defendant. "If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.” La.C.C.P. art. 73(B).

. La.R.S. 13:3471(2) provides:
In an action or proceeding brought in a parish other than that of the domicile of a defendant, citation and all other legal process may be served on this defendant in the parish where the action or proceeding was brought, if the defendant can be served therein. Otherwise, the process may be sent by the clerk of the court from which it issued to any parish where the defendant may be found, and service may be made by the sheriff or a constable of the latter parish.

. "[A]n action against: ... [a] domestic corporation ... shall be brought in the parish where its registered office is located.” La. C.C.P. art. 42(2).

. "An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.” La.C.C.P. art. 74.

. "Two or more parties may be joined in the same suit ... if: (1) There is a community of interest between the parties joined; (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) All of the actions cu-mulated are mutually consistent and employ the same form of procedure.” La.C.C.P. art. 463(2).

. "When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.” La.C.C.P. art. 121.

. "A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), ... unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.” La. C.C.P. art. 1672(C). (Emphasis added.)